*EXHIBIT A*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|

STATE BAR NO: 307466

NAME: Benjamin Heikali
FIRM NAME: Treehouse Law, LLP
STREET ADDRESS: 3130 Wilshire Blvd., Suite 555
CITY: Santa Monica      STATE: CA      ZIP CODE: 90403
TELEPHONE NO.: (310)751-5948      FAX NO.:
E-MAIL ADDRESS: bheikali@treehouselaw.com
ATTORNEY FOR (Name): Brittany Stupar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: Brittany Stupar
Defendant/Respondent: Flawless Naturals, LLC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 25STCV34117 |
|---|---|

TO (insert name of party being served): Flawless Naturals, LLC

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 11/24/2025

Leslie Chapa
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

   Notice of Case Assignment; Cover Sheet Addendum & Statement of Location; Notice of ADR; ADR Packet; and Civil Case Coversheet

(To be completed by recipient):

Date this form is signed: 12/15/2025

Renata Guidry, Esq. - Attorney for Flawless Naturals, LLC
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _(signature) Renata Guidry_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT A Page 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Benjamin Heikali (307466) Ruhandy Glezakos (307473) Joshua Nassir (318344) Ammad Bajwa (358564) Treehouse Law, LLP 3130 Wilshire Blvd., 555, Santa Monica, CA 90403 <br><br> TELEPHONE NO.: (310) 751-7948    FAX NO. : <br> EMAIL ADDRESS: bheikali@treehouselaw.com, rglezakos@treehouselaw.com, jnassir@treehouselaw.com, abajwa@treehouselaw.com <br> ATTORNEY FOR *(Name)*: Brittany Stupar | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/21/2025 11:31 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Covarrubias, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Brittany Stupar v. Flawless Naturals, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 25STCV34117 |
| | | | | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [x] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: 3: Violation of Cal. Bus. & Prof. Codes § § 17200,17500; and Cal Civ. Code Code § 1750
5. This case [x] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 11/21/2025
Benjamin Heikali
_____                        ▶                        _____
(TYPE OR PRINT NAME)                                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

EXHIBIT A, Page 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Stupar v. Flawless Naturals, LLC | 25STCV34117 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/21/2025 11:31 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

EXHIBIT A Page 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| Stupar v. Flawless Naturals, LLC | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Stupar v. Flawless Naturals, LLC | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

EXHIBIT A Page 6

| SHORT TITLE | CASE NUMBER |
|---|---|
| Stupar v. Flawless Naturals, LLC | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE<br>Stupar v. Flawless Naturals, LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY:               STATE:          ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  Central Judicial  District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated:   11/21/2025

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FLAWLESS NATURALS, LLC

**Electronically FILED by
Superior Court of California,
County of Los Angeles
11/21/2025 11:31 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRITTANY STUPAR, on behalf of herself all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 North Hill Street Los Angeles, CA 90012

| CASE NUMBER: |
|---|
| *(Número del Caso):* |
| **25STCV34117** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben Heikali 3130 Wilshire Blvd., suite 555 Santa Monica, CA 90403

David W. Slayton, Executive Officer/Clerk of Court

DATE: 11/21/2025
*(Fecha)*

Clerk, by _____ J. Covarrubias _____ , Deputy
*(Secretario)*                                     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of
3. ☒ on behalf of *(specify):* Flawless Naturals, LLC

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

EXHIBIT A Page 9

**TREEHOUSE LAW, LLP**
Benjamin Heikali (SBN 307466)
Ruhandy Glezakos (SBN 307473)
Joshua Nassir (SBN 318344)
Ammad Bajwa (SBN 358564)
3130 Wilshire Blvd., Suite 555
Santa Monica, CA 90403
Telephone: (310) 751-5948
bheikali@treehouselaw.com
rglezakos@treehouselaw.com
jnassir@treehouselaw.com
abajwa@treehouselaw.com

*Attorneys for Plaintiff and the Putative Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/21/2025 11:31 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| BRITTANY STUPAR, on behalf of herself all others similarly situated,<br><br>      *Plaintiff,*<br><br>    v.<br><br>FLAWLESS NATURALS, LLC,<br><br>      *Defendant.* | CASE NO.: 25STCV34117<br>(Class Action)<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Brittany Stupar ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this Class Action Complaint against Flawless Naturals, LLC. ("Defendant"), based upon personal knowledge as to herself, and upon information, investigation and belief of her counsel.

## INTRODUCTION

1.      This class action challenges Defendant's false, deceptive, and unlawful practices in the labeling, marketing, and sale of its New York Biology Dead Sea Mud Mask product (the "Product").

2.      The Product is labeled and marketed for treating acne, a recognized skin disease. Defendant makes explicit acne-treatment claims including "***Anti Acne***," "***daily acne treatment***," "***HELP TREAT ACNE***," and "***Pore Reducer for Acne, Blackheads & Oily Skin***."

3.      Reasonable consumers see these explicit disease treatment claims on the Product and reasonably believe the Product, like other topical acne treatment products on the market, is a lawful product that meets all U.S. safety, efficacy and regulatory standards for an acne treatment. Reasonable consumers do not expect that a product openly sold with disease-treatment claims is an unapproved drug being sold illegally.

4.      Unbeknownst to consumers, Defendant's representations are false and misleading. The Product is ***not*** a lawful acne treatment and it (and its ingredients) do not meet U.S. safety, efficacy and regulatory standards for an acne treatment. Under California law, products making disease-treatment claims are classified as drugs and cannot be sold without governmental approval. The Product does not have this approval, and it (and its ingredients) do not meet U.S. safety, efficacy and regulatory standards for an acne treatment. As such, the marketing and sale of the Product as an acne treatment violates California Law.

5.      Consumers paid for what they believed was a lawful acne treatment. Instead, they received an unapproved drug being sold illegally. Had consumers known the Product was not a lawful acne treatment, they would not have purchased it or would have paid significantly less for it. Defendant's unlawful conduct therefore caused financial injury to Plaintiff and all Class members.

-1-

**JURISDICTION AND VENUE**

6.     This Court has original jurisdiction over this case pursuant to California Constitution, Article VI § 10, because this case is a cause not given by statute to other trial courts.

7.     This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California or otherwise intentionally did avail itself of the markets within California, through its sale of goods and products (including the Product) in California and to California consumers.

8.     Venue is proper in this County pursuant to Cal. Code of Civ. P. § 395(a), *et seq.* and Cal. Civ. Code §1780(d) because Plaintiff's financial injury occurred in this County, where she purchased the Product.

**PLAINTIFF**

9.     Plaintiff Brittany Stupar ("Plaintiff") is a citizen of California and currently resides in San Pedro, California. Plaintiff purchased the New York Biology Dead Sea Mud Mask in or around February 2025 from Amazon.com.

10.    Before purchasing the Product, Plaintiff saw and relied on Defendant's acne treatment representations on product packaging and on the Amazon page, including the front label claim "Anti Acne" and the Amazon listing descriptions "Pore Reducer for Acne, Blackheads & Oily Skin," and "HELP TREAT ACNE."

11.    Based on these acne-treatment claims, Plaintiff reasonably believed she was purchasing a lawful acne treatment that meets all U.S. safety, efficacy and regulatory standards for an acne treatment.

12.    Had Plaintiff known the truth – that the Product was not a lawful acne treatment—she would not have purchased the Product or would have paid significantly less for it.

13.    Plaintiff suffered financial injury as a result of Defendant's conduct. She paid for what she believed was a lawful acne treatment. Instead, she received an unapproved drug being sold in violation of California Health & Safety Code § 111550.

EXHIBIT A Page 12

**DEFENDANT**

14.    Defendant Flawless Naturals, LLC is a New York limited liability company with its principal place of business in Albany, New York. Defendant through its agents, is responsible for the ingredients, manufacturing, marketing, advertising, labeling, packaging, distribution, and sale of the Product at issue, including within the State of California and in this County.

**FACTUAL ALLEGATIONS**

**A.    The Product's Acne-Treatment Representations**

15.    This case involves Defendant's New York Biology Dead Sea Mud Mask product in its original formulation (the "Product").[1] The Product does not include other variants in the Dead Sea Mud Mask line.

16.    Defendant sells the Product online and makes explicit acne-treatment representations across multiple marketing channels, including the product packaging, online listings, website content, and social media.

17.    The front label of the Product prominently featured the disease-treatment claim "***Anti Acne***" in large text immediately below the product name.[2] The label also displays Defendant's tagline: "***THE ULTIMATE COSMECEUTICALS***," a term referring to products with medicinal or drug-like benefits.[3] *See example on the following page.*

---

[1] Amazon.com, New York Biology Dead Sea Mud Mask for Face and Body, archived at https://web.archive.org/web/20250122133552/https://www.amazon.com/Dead-Sea-Mask-Face-Body/dp/B01NCM25K7 (Jan. 22, 2025)

[2] Defendant may have removed some acne-treatment claims from the Product's labeling and marketing shortly after receiving Plaintiff's CLRA notice letter dated August 29, 2025.

[3] *See* U.S. Food & Drug Admin., Cosmeceutical, https://www.fda.gov/cosmetics/cosmetics-labeling-claims/cosmeceutical ("the cosmetic industry uses this word to refer to cosmetic products that have medicinal or drug-like benefits"); AP Derm, Benefits of Using Medical-Grade Skin Care Products, https://www.apderm.com/blog/benefits-of-using-medical-grade-skin-care-products/ (cosmeceuticals are "categorized as a blend between cosmetics and pharmaceuticals, providing both aesthetic and medicinal benefits")

-3-

EXHIBIT A Page 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18.    Defendant amplifies these front-label claims through its online marketing. On the Amazon.com page for the Product, which Defendant controls, the Product's title stated "***Pore Reducer <u>for Acne, Blackheads</u>***."[4] *See example below.*

New York Biology Dead Sea Mud Mask for Face and Body - Spa Quality Pore Reducer for Acne, Blackheads & Oily Skin, Natural Skincare for Women, Men - Tightens Skin for A Healthier Complexion - 8.8 oz

Visit the NEW YORK BIOLOGY THE ULTIMATE COSMECEUTICALS Store

4.5 ★★★★½ ⌄    39,488 ratings  |  Search this page

-4-

19.     Below the product title, Amazon's "About this item" section described the Product as a "***daily <u>acne treatment</u> that has been designed to be <u>highly effective</u> yet gentle[.]***" The word "treatment" is a direct disease-treatment representation.  *See example below.*



20.     Defendant's promotional images for the Product also feature additional explicit disease-treatment claims, including "***HELP <u>TREAT ACNE BLACKHEADS & OILY SKIN</u>***." Blackheads are an acne condition that are regulated as acne.[5] *See example below.*

---

[4] Amazon.com, New York Biology Dead Sea Mud Mask for Face and Body, archived at https://web.archive.org/web/20250122133552/https://www.amazon.com/Dead-Sea-Mask-Face-Body/dp/B01NCM25K7 (Jan. 22, 2025)

[5] *See* OTC Monograph M006, § M006.3, Topical Acne Drug Products for Over-the-Counter Use, https://www.accessdata.fda.gov/drugsatfda_docs/omuf/monographs/OTC%20Monograph_M006-Topical%20Acne%20drug%20products%20for%20OTC%20Human%20Use%2011.23.2021.pdf ("Acne. A disease involving the oil glands and hair follicles of the skin which is manifested by blackheads, whiteheads, acne pimples, and acne blemishes"; "Blackhead. A condition of the skin that occurs in acne").

21.    On Defendant's website, the "Frequently Asked Questions" section reinforces the acne-treatment claims. When asked "Is this good for removing blackheads?", Defendant answers "Yes," explicitly confirming the Product's intended use for treating acne. *See example below.*



22.    Defendant extends these disease-treatment claims through social media advertising, where Defendant represents that the Product treats not only acne but also other skin diseases including psoriasis and eczema.[6] *See example below.*



---

[6] New York Biology (@newyorkbiology), Instagram, https://www.instagram.com/p/CCCG3DUF6EA/ (June 29, 2020).

CLASS ACTION COMPLAINT          EXHIBIT A Page 16

23.     Across all these marketing channels—product labels, Amazon listings, official website, promotional graphics, and social media—Defendant consistently and explicitly represents that the Product is an acne treatment (collectively, the "Acne Treatment Representations").

24.     Defendant controls all of the Acne Treatment Representations. As the manufacturer, distributor, and seller of the Product, Defendant is responsible for the content on product labels, online listings, website content, and social media advertising.

**B.      Reasonable Consumers' Beliefs Based On The Acne Treatment Representations**

25.     When reasonable consumers see Defendant's Acne Treatment Representations, they reasonably believe they are purchasing lawful acne treatments that meet applicable safety, efficacy, and regulatory standards for an acne treatment.

26.     Consumers understand claims such as "Anti Acne," "HELP TREAT ACNE," and "daily acne treatment" to mean the Product provides medical treatment for acne. Acne is a recognized medical disease, not merely a cosmetic concern. Consumers visit dermatologists for acne. They get prescriptions for acne. They purchase over the counter acne treatments at pharmacies and other retailers. When a product claims to treat a disease, consumers understand it provides medical treatment, not merely cosmetic benefits.

27.     Defendant reinforces consumers' medical expectations by branding the Product as "THE ULTIMATE COSMECEUTICALS." This is not a cosmetic term. "Cosmeceutical" specifically refers to products with medicinal or drug-like benefits.[7] By using this designation alongside acne-treatment claims, Defendant signals that the Product has pharmaceutical properties, not merely cosmetic ones.

28.     Consumers reasonably believe that products claiming to treat known diseases are lawful and meet applicable U.S. safety, efficacy, and regulatory standards for an acne treatment.

---

[7] *See* U.S. Food & Drug Admin., Cosmeceutical, https://www.fda.gov/cosmetics/cosmetics-labeling-claims/cosmeceutical ("the cosmetic industry uses this word to refer to cosmetic products that have medicinal or drug-like benefits"); AP Derm, Benefits of Using Medical-Grade Skin Care Products, https://www.apderm.com/blog/benefits-of-using-medical-grade-skin-care-products/ (cosmeceuticals are "categorized as a blend between cosmetics and pharmaceuticals, providing both aesthetic and medicinal benefits")

-7-

This belief is grounded in the nature of the claim and in consumers' everyday experiences. Acne is a disease, not merely a cosmetic concern. Reasonable consumers see acne treatments at pharmacies and other retailers, alongside other over-the-counter medications that meet safety, efficacy, and regulatory standards. They know that disease-treatment products must meet government safety and efficacy requirements before being sold to the public. When consumers see a product explicitly claiming to treat a disease like acne, not improve appearance but _treat_ the disease, they reasonably believe it has met the same regulatory requirements as other disease-treatment products.

29.    Consumers have no reason to believe Defendant's Product is different. The Product is sold on Amazon alongside Neutrogena, CeraVe, and other acne treatments that do meet safety and efficacy standards, either through regulatory approval or by complying with established governmental standards for over-the-counter acne treatments using approved ingredients like benzoyl peroxide or salicylic acid. Defendant's Product makes the same types of disease-treatment claims as these compliant products. Nothing indicates to consumers that this Product, unlike every other acne-treatment product on the market, does not meet the applicable safety, efficacy, and regulatory requirements to be lawfully sold.

30.    Products that do not meet applicable acne-treatment standards avoid making disease-treatment claims. For example, Hero Cosmetics Pore Purity Cleansing Clay Mask,[8] a similar clay mask product sold in the same category, avoids acne-treatment language and instead describes itself as working "to remove oil and impurities." This product stays within cosmetic territory by making appearance-based claims rather than disease-treatment claims.

31.    Defendant could have marketed its Product the same way. But Defendant chose to make explicit disease-treatment claims to compete in the lucrative acne-treatment market without meeting the safety, efficacy, and regulatory requirements that govern that market. This deliberate choice to cross from cosmetics into drugs allowed Defendant to position its Product alongside approved acne treatments while avoiding the costs of regulatory compliance.

---

[8] https://www.herocosmetics.us/products/pore-purity

-8-

32.     Nothing on the Product's packaging, online listings, website, or marketing discloses that the Product (and its ingredients) has not met applicable safety, efficacy, and regulatory standards for an acne treatment. Defendant provides no disclaimer. No warning. No notice that the Product does not comply with California drug requirements or that its sale is unlawful.

33.     Had Defendant disclosed these facts, consumers would not have believed the Product was a lawful acne treatment that meets applicable standards. But Defendant concealed this information, choosing to market the Product as an acne treatment, and allowing consumers to maintain false beliefs.

## C.     Consumers Are Deceived: The Product Is An Unlawful Drug

### a.     The Product Is A Drug Under California's Sherman Law

34.     Consumers have been deceived by Defendant's deceptive advertising and labeling. Neither the Product, nor its ingredients, meet applicable safety, efficacy, and regulatory standards for an acne treatment. As such, it is unlawful under California law and cannot be sold in California.

35.     When products make disease-treatment claims, they are plainly classified as "drugs" under California's Sherman Food, Drug, and Cosmetic Law. Under California Health & Safety Code § 109925(a)(2), a "drug" includes any article "used or intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in human beings."

36.     Acne is a recognized skin disease.[9]

37.     When Defendant represents that the Product treats acne, a disease, through claims such as "Anti Acne," "HELP TREAT ACNE," and "daily acne treatment," the Product is plainly "used or intended for use" in treating disease under California Health & Safety Code § 109925(a)(2). As such, the Product is clearly a drug under California law.

38.     Defendant's marketing confirms this drug classification. Defendant does not claim the Product merely improves skin's appearance, the hallmark of a cosmetic. Instead, Defendant

---

[9] U.S. Food & Drug Admin., Guidance for Industry: Acne Vulgaris: Establishing Effectiveness of Drugs Intended for Treatment (May 2018), https://www.fda.gov/files/drugs/published/Acne-Vulgaris---Establishing-Effectiveness-of-Drugs-Intended-for-Treatment.pdf ("Acne is a chronic disease of sebaceous follicles that is multifactorial in etiology.").

-9-

1  describes how the Product works as an acne treatment: it "penetrate[s] deep into the pores" to

2  address acne's underlying causes. This mechanistic language explains therapeutic action, not

3  cosmetic benefit.

4          39.     Defendant's "cosmeceutical" designation on the front labeling reinforces the drug

5  classification. This term specifically refers to products with "medicinal or drug-like benefits," not

6  mere cosmetics. By labeling the Product as a cosmeceutical, while making express acne-treatment

7  claims, Defendant signals therapeutic properties that treat disease.

8          b.     <u>California Law Prohibits The Sale of Unapproved Drugs</u>

9          40.     Under California Health & Safety Code § 111550, a drug cannot be sold in California

10  unless it is approved by the California Department of Public Health or complies with federal drug

11  requirements.

12         41.     The California Department of Public Health has not approved the Product.

13         42.     Moreover, the Product does not comply with federal drug requirements, as set forth

14  below.

15         43.     For over-the-counter products making acne-treatment claims, compliance with

16  federal requirements means either: (1) obtaining formal approval through a New Drug Application,

17  or (2) complying with FDA's OTC Monograph M006 for topical acne drug products (herein, the

18  "Acne Monograph").[10]

19         44.     The Product meets neither of these requirements. Defendant has not obtained formal

20  approval of the Product through a New Drug Application. Nor does the Product comply with the

21  Acne Monograph. The Acne Monograph permits only specific active ingredients for products

22  making acne-treatment claims — benzoyl peroxide, salicylic acid, sulfur, resorcinol, and resorcinol

23  monoacetate.  Products using these approved ingredients at specified concentrations may be sold

24  for acne treatment without individual approval. This is how most OTC acne products—like

25  Neutrogena, CeraVe, and other mainstream brands—are lawfully sold.

26

27  _____

[10] Sherman Law incorporates all federal drug standards. Cal. Health & Safety Code §§ 110110(a),
28  110111. As such, California has adopted federal OTC drug monograph standards as California law.

45.    The Product, on the other hand, does not comply with the Acne Monograph. None of its ingredients appear in the Acne Monograph and have never been determined safe and effective for treating acne.

46.    As such, the advertising of the Product as an acne treatment is not compliant with these safety, efficacy, and regulatory standards and therefore violates the California Sherman Law. Its sale violates California Health & Safety Code § 111550.

47.    Consumers believe the Product is lawful and has met applicable safety, efficacy, and regulatory standards for an acne treatment. However, the Product is not lawful and does not meet applicable safety, efficacy, and regulatory standards for an acne treatment.

**D.    Plaintiff Does Not Seek To Enforce the Federal Food, Drug and Cosmetic Act ("FDCA")**

48.    Plaintiff's claims seek remedies under California law and do not seek to enforce the Federal Food, Drug, and Cosmetic Act ("FDCA"). Plaintiff's CLRA and FAL claims are based on Defendant's false and misleading representations to consumers. Plaintiff's UCL claim is based on Defendant's violation of California's Sherman Food, Drug, and Cosmetic Law.  Neither claim seeks to enforce the FDCA or obtain remedies under federal law.

49.    Further, the UCL claim Plaintiff seeks to enforce based on the Sherman Law does not impose on Defendant any standard of conduct that exceeds that which is imposed by the FDCA and regulations adopted pursuant thereto. Indeed, under Cal. Health & Safety Code §§ 110110(a) and 110111, the Sherman Law has adopted the drug regulations of the FDCA as California Law.[11] California independently enforces these standards as California law, not as federal law.

---

[11] Specifically, Cal. Health & Safety Code § 110110(a) states:

> All regulations relating to (1) new drug applications, except for abbreviated new drug applications, adopted pursuant to Section 505 of the federal act (21 U.S.C. Sec. 355), (2) applications for premarket approval of new devices, adopted pursuant to Section 515 of the federal act (21 U.S.C. Sec. 360e), (3) postmarketing reports, recordkeeping, and other postapproval requirements for approved new drug applications or approved new device premarket approval applications, adopted pursuant to the federal act, that are in effect on January 1, 1993, or that are adopted on or after that date, shall be the new drug and new device application regulations of this state.

-11-

50.     California Health & Safety Code § 109925(a)(2) mirrors 21 U.S.C. § 321(g)(1), which defines a drug as "articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man." Both statutes use identical language to classify products making disease-treatment claims as drugs.

51.     Similarly, California Health & Safety Code § 111550—which prohibits the sale of unapproved drugs—enforces standards identical to those in the FDCA, which also prohibits the sale of unapproved drugs. *See* 21 U.S.C. §§ 331(d), 355(a).

52.     This is entirely consistent with the FDCA's preemption provision regarding drug regulations, which permits states to enact only drug standards identical to federal law. *See* 21 U.S.C. § 379r(a) ("no State or political subdivision of a State may establish or continue in effect any requirement-- . . . (2) that is different from or in addition to, or that is otherwise not identical with, a requirement under this chapter."). However, under 21 U.S.C. § 379r(f), nothing "shall prevent a State or political subdivision thereof from enforcing, under any relevant civil or other enforcement authority, a requirement that is identical to a requirement of this chapter." In response, California expressly adopted all drug regulations of the FDCA under Cal. Health & Safety Code § 110110(a) and 110111, as outlined above, permitting independent enforcement of drug regulations identical to the FDCA.

53.     As such, California law provides a layer of independent enforcement that is consistent with and complements federal law, and in no way stands in the way of fulfilling a federal Congressional objective. Indeed, Congress intended to preserve state law actions and tort claims with respect to drugs. As explained by the U.S. Supreme Court in *Wyeth v. Levine,* 555 U.S. 555, 567 (2009), in enacting and amending the FDCA, Congress sought to preserve state law: "[a]s it enlarged the FDA's powers to 'protect the public health' and 'assure the safety, effectiveness, and reliability of drugs,'. . . Congress took care to preserve state law."

---

Similarly, Cal. Health & Safety Code § 110111 states:

> All nonprescription drug regulations and any amendments to those regulations adopted pursuant to the federal act, that are in effect on January 1, 2000, or that are adopted on or after that date, shall be the nonprescription drug regulations of the state.

CLASS ACTION COMPLAINT          EXHIBIT A Page 22

54.    For the foregoing reasons, Plaintiff's claims are not preempted by the FDCA. *See Farm Raised Salmon Cases* (2008) 42 Cal.4th 1077-78 (following United States Supreme Court precedent and holding that implied preemption does not apply to Sherman law which imposes identical substantive requirements as the FDCA, noting that "Congress appears to have made a conscious choice not to preclude such actions"); *see also Davidson v. Sprout Foods, Inc*., 106 F.4th 842, 849 (9th Cir. 2024) cert. denied, 145 S. Ct. 1922 (2025) (holding that plaintiff's claims based on violations of the Sherman Law claims were not impliedly preempted when they mirrored the FDCA, reasoning in part that "Congress said such standards are not preempted and hence permitted states to adopt them.") (citing 21 U.S.C. § 343-1(a)); *Tryan v. Ulthera, Inc*., No. 217CV02036MCECMK, 2018 WL 3955980, at *5 (E.D. Cal. Aug. 17, 2018) (citing Cal. Health & Safety Code § 110110(a) and holding that "because Plaintiffs' claims rely upon state law duties under the Sherman Law that parallel the federal duties imposed under the FDCA, they are not impliedly preempted by the FDCA."); *Otero v. Zeltiq Aesthetics, Inc*., No. CV173994DMGMRWX, 2017 WL 9538711, at *5 (C.D. Cal. Nov. 21, 2017) (same); *Bodunde v. Walgreens Boots Alliance, Inc*., No. 1:24-CV-00985-JLT-SAB, 2025 WL 1411306 (E.D. Cal. May 15, 2025) (relying on *Davidson v. Sprout Foods* and rejecting implied preemption of state claims challenging failure of drugs to meet Current Good Manufacturing Practices under California's "parallel" Sherman Law).

**E.    Consumers Have Been Financially Injured By Defendant's Misleading and Unlawful Conduct**

55.    As outlined above, Defendant has marketed and sold an unlawful drug in California in violation of California Health & Safety Code § 111550.

56.    Consumers purchase the Product relying on Defendant's explicit acne-treatment representations, including "Anti Acne," "HELP TREAT ACNE," and "daily acne treatment."

57.    Based on these representations, consumers reasonably believe the Product is a lawful acne treatment that meets all applicable safety, efficacy, and regulatory standards for an acne treatment.

58.    The Product is not a lawful acne treatment and neither the Product, nor its ingredients, meet applicable safety, efficacy, and regulatory standards for an acne treatment. The Product is an unapproved drug whose sale violates California law.

59.    As the entity responsible for developing, manufacturing, labeling, advertising, distributing, and selling the Product, Defendant knew or should have known that the Product is an unapproved drug. Nonetheless, Defendant continues to sell and market the Product with acne-treatment claims in violation of California Health & Safety Code § 111550.

60.    Defendant knew or should have known that consumers, in purchasing the Product, would rely on Defendant's acne-treatment representations and would reasonably believe the Product is a lawful acne treatment.

61.    Whether the Product is lawful and meets safety and efficacy standards is material to consumers' purchasing decisions. Reasonable consumers do not knowingly purchase products that are illegal and do not meet applicable regulatory standards. Consumers also care whether disease-treatment products meet safety, efficacy, and regulatory standards because unreviewed disease-treatment uses may compromise both safety and effectiveness.

62.    Defendant's illegal conduct caused a financial injury to Plaintiff and other consumers. Defendant sold products in commerce that cannot legally be sold under California law. Consumers paid money for products they believed were lawful acne treatments that meet applicable standards. Had consumers known the truth, they either would not have purchased the Product or would have paid significantly less for it.

## CLASS ACTION ALLEGATIONS

63.    Plaintiff brings this class action individually, and on behalf of all members of the following Classes:

**California Class**
All residents of California who purchased the Product within the applicable statute of limitations period (the "California Class").

**California Consumer Subclass**
All residents of California who purchased the Product for personal, family, or household purposes, within the applicable statute of limitations period ("California Consumer Subclass") (together with the California Class, the "Class").

-14-

EXHIBIT A Page 24

64.     Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

65.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes before the Court determines whether class certification is appropriate.

66.     Plaintiff is a member of the Classes.

67.     **Numerosity:** Members of the Classes are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by Defendant's records. At a minimum, there are likely hundreds of Class members.

68.     **Commonality:** There are questions of law and fact common to the proposed Classes. Common questions of law and fact include, without limitations:

     a.  whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

     b.  whether the Product is an unlawful drug;

     c.  whether consumers would rely on the Acne Treatment Representations;

     d.  whether certification of the Classes is appropriate under Rule 23;

     e.  the amount and nature of the relief to be awarded to Plaintiff and the Classes.

69.     **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased an unlawful Product. Plaintiff and the members of the Classes paid for Defendant's Product and would either have not have purchased it, or would have paid significantly less for it, had they known the Product was an unlawful drug being sold in violation of state law.

70.     **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in class action litigation.

-15-

1  Thus, the interests of the members of the Class will be fairly and adequately protected by Plaintiff
2  and her counsel.

3        71.    **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact
4  identified in this Complaint predominate over any other questions affecting only individual
5  members of the Classes. Class issues predominate over any individual issue because no inquiry into
6  individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct
7  detailed at length in this Complaint.

8        72.    **Superiority:** A class action is superior to all other available methods for the fair and
9  efficient adjudication of this litigation because individual litigation of each claim is impractical. It
10 would be unduly burdensome to have individual litigation of hundreds of individual claims in
11 separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit.
12 Further, because of the damages suffered by any individual Class member may be relatively modest
13 in relation to the cost of litigation, the expense and burden of individual litigation make it difficult,
14 if not impossible. Furthermore, many of the Class members may be unaware that claims exist against
15 the Defendant.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200, *et seq.***
**(*On behalf of the California Class*)**

19       73.    Plaintiff repeats the allegations contained in paragraphs 1-72 above as if fully set
20 forth herein.

21       74.    Plaintiff brings this claim individually and on behalf of the members of the proposed
22 California Class against Defendant.

23       75.    The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair
24 competition shall mean and include unlawful, unfair or fraudulent business practices and unfair,
25 deceptive, untrue or misleading advertising[.]"

26       76.    Under the UCL, a business act or practice is "unlawful" if it violates any established
27 state or federal law. Defendant's unlawful sale of the Product was and continues to be "unlawful"
28 because it violates Cal. Health & Safety Code § 111550.

77.    As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff and members of the proposed California Class.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code § 1750, *et seq.***
**(*On Behalf of the California Consumer Subclass*)**

78.    Plaintiff repeats the allegations contained in paragraphs 1-72 above as if fully set forth herein.

79.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq*.

80.    The Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Product by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

81.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have...." By representing that the Product is a lawful acne treatment through claims such as "Anti Acne," "HELP TREAT ACNE," and "daily acne treatment," Defendant has represented and continues to represent that the Product has characteristics and regulatory status it does not have. The Product is an unapproved drug being sold illegally, not a lawful acne treatment that meets applicable safety, efficacy, and regulatory standards. Therefore, Defendant has violated section 1770(a)(5) of the CLRA. For the same reasons, Defendant's conduct violates Cal. Civ. Code § 1770(a)(7), which prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." The Product does not meet applicable safety, efficacy, and regulatory standards and cannot legally be sold in California.

82.    At all relevant times, Defendant has known or reasonably should have known that the Acne Treatment Representations on and about the Product were deceptive and unlawful, and that Plaintiff and other members of the California Consumer Class would reasonably and justifiably rely on these representations when purchasing the Product. Nonetheless, Defendant deceptively

-17-

advertises the Product as such in order to deceive consumers into believing the Product meets applicable safety, efficacy, and regulatory standards for an acne treatment.

83. Plaintiff and members of the California Consumer Subclass have justifiably relied on Defendant's misleading and unlawful representations when purchasing the Product. Moreover, based on the materiality of Defendant's misleading and unlawful conduct, reliance may be presumed or inferred for Plaintiff and members of the California Consumer Subclass.

84. Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Product, or would not have purchased it at all, had they known the truth that the Product is an unapproved drug being sold in violation of California law.

85. The CLRA (including §§ 1770(a)(5), (7)) also supports claims for omissions of material fact that Defendant was obligated to disclose. In this case, Defendant was obligated to disclose—but failed to disclose—the illegality of the Product's sale and that the Product does not meet applicable safety, efficacy, and regulatory standards for treating acne. These omissions are material. Plaintiff and members of the California Consumer Subclass lost money and were damaged as a result of Defendant's material omissions because: (a) they purchased the Product due to the material omissions about the Product's regulatory status and safety/efficacy standards; and (b) they would have paid significantly less for the Product, or would not have purchased it at all, if the true facts had been known.

86. On August 19, 2025, Plaintiff mailed notice to Defendant of its CLRA violations pursuant to Cal. Civ. Code § 1782. Defendant has not agreed to fully correct the problem for Plaintiff and for each member of the California Consumer Subclass within 30 days of receipt. Thus, Plaintiff and the California Consumer Subclass seek all monetary relief allowed under the CLRA, including actual damages, restitution, and punitive damages.

87. Pursuant to Cal. Civ. Code § 1780(d), a declaration of venue is attached to this Complaint.

-18-

EXHIBIT A Page 28

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL"),**
**Cal. Bus. & Prof. Code § 17500, *et seq*.**
**(*On Behalf of the California Class*)**

88.     Plaintiff repeats the allegations contained in paragraphs 1-72 above as if fully set forth herein.

89.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California's False Advertising Law ('FAL'), Cal. Bus. & Prof. Code § 17500, *et seq*.

90.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public... in any advertising device... or in any other manner or means whatever, including over the Internet, any statement, concerning... personal property or services... which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

91.     Defendant has represented and continues to represent to the public, including Plaintiff and members of the proposed California Class, through its deceptive and unlawful labeling and advertising, that the Product is an acne treatment that meets applicable safety, efficacy, and regulatory standards, which is not accurate due to the fact that the Product is an unapproved drug being sold in violation of California Health & Safety Code § 111550. Because Defendant has disseminated misleading information regarding the Product's regulatory status, and Defendant knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated the FAL.

92.     As a a result of Defendant's false advertising, Defendant has unlawfully obtained money from Plaintiff and members of the California Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the proposed California Class, and to disgorge the profits Defendant made on these transactions. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

CLASS ACTION COMPLAINT                    EXHIBIT A Page 29

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully prays for the following relief:

A.      Certification of this case as a class action on behalf of the proposed Classes defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class Counsel;

B.      An award to Plaintiff and the proposed Classes of restitution;

C.      An award to Plaintiff and her counsel of reasonable expenses and attorneys' fees;

D.      An award to Plaintiff and the proposed Class of pre and post-judgment interest, to the extent allowable; and

E.      For such further relief that the Court may deem just and proper.

DATED: November 21, 2025     **TREEHOUSE LAW, LLP**

By:  */s/ Benjamin Heikali*

Benjamin Heikali (SBN 307466)
Ruhandy Glezakos (SBN 307473)
Joshua Nassir (SBN 318344)
Ammad Bajwa (SBN 358564)
3130 Wilshire Blvd., Suite 555
Santa Monica, CA 90403
Telephone: (310) 751-5948
bheikali@treehouselaw.com
rglezakos@treehouselaw.com
jnassir@treehouselaw.com
abajwa@treehouselaw.com

*Attorneys for Plaintiff and the
Putative Class*

CLASS ACTION COMPLAINT  EXHIBIT A Page 30

## Venue Declaration Pursuant to Cal. Civ. Code 1780(d)

I, Brittany Stupar, declare as follows:

1.      I am the named Plaintiff in the above-captioned action and a citizen of the State of California. I have personal knowledge of the facts set forth in this declaration, and am competent to testify to the same. The matters set forth herein are true and correct to the best of my knowledge and belief.

2.      Pursuant to California Civil Code Section 1780(d), I believe that the Superior Court of the State of California County of Los Angeles is the proper place for trial for this case because I purchased the Product at issue while residing in this County. Thus, a substantial part of the events or omissions giving rise to the claims at issue in this case occurred in this County.

I declare under penalty of perjury that the foregoing is true and correct, executed on November 20, 2025, in San Pedro, California.

_____
Brittany Stupar

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>11/21/2025<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ J. Covarrubias _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV34117 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/21/2025 _____
   (Date)

David W. Slayton, Executive Officer / Clerk of Court

By J. Covarrubias _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit A Page 32

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



**Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

EXHIBIT A Page 34

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at* www.lacourt.org/ADR/programs.html.
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at* www.lacourt.org/ADR *or email* ADRCivil@lacourt.org.

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at* ADRCivil@lacourt.org.

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit* https://resolvelawla.com.

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

EXHIBIT A Page 36

 **Superior Court of California, County of Los Angeles**

<div style="border:1px solid black; background:#ddd;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

EXHIBIT A Page 37

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

   a. **The Civil Mediation Vendor Resource List**
      If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145


**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

   b. **Los Angeles County Dispute Resolution Programs**
      https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

      Day of trial mediation programs have been paused until further notice.

      **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

   c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.


3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**
Page 1 of 2

EXHIBIT A Page 40

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

<table>
<tr><td>SHORT TITLE:</td><td>CASE NUMBER:</td></tr>
</table>

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT A Page 43

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| Print | Save |   | Clear |

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

EXHIBIT A Page 44

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT A Page 45

Print        Save        Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____     _____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

1

2

3

4

5

6

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

7        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8          **FOR THE COUNTY OF LOS ANGELES**

9

10    General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
      Use of Voluntary Efficient Litigation  )    EXTENDING TIME TO RESPOND BY
11    Stipulations                        )    30 DAYS WHEN PARTIES AGREE
                                          )    TO EARLY ORGANIZATIONAL
12                                        )    MEETING STIPULATION
                                          )
13    _____)

14

15          Whereas the Los Angeles Superior Court and the Executive Committee of the

16    Litigation Section of the Los Angeles County Bar Association have cooperated in

17    drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

18    use in general jurisdiction civil litigation in Los Angeles County;

19          Whereas the Los Angeles County Bar Association Litigation Section; the Los

20    Angeles County Bar Association Labor and Employment Law Section; the Consumer

21    Attorneys Association of Los Angeles; the Association of Southern California Defense

22    Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

23    Employment Lawyers Association all "endorse the goal of promoting efficiency in

24    litigation, and ask that counsel consider using these stipulations as a voluntary way to

25    promote communications and procedures among counsel and with the court to fairly

26    resolve issues in their cases;"

27

28

-1-

ORDER PURSUANT TO CCP 1054(a)          **EXHIBIT A Page 48**

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A Page 49

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

4  DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d)  Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3)  EXEMPT LITIGANTS

a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4)  EXEMPT FILINGS

a)  The following documents shall not be filed electronically:

i)  Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii)  Bonds/Undertaking documents;

iii)  Trial and Evidentiary Hearing Exhibits

iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v)  Documents submitted conditionally under seal.  The actual motion or application shall be electronically filed.  A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b)  Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A Page 55

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.


1  11) SIGNATURES ON ELECTRONIC FILING

2  For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6  This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28