JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRITTANY STUPAR,

Plaintiff,

v.

FLAWLESS NATURALS, LLC,

Defendant.

Case No. 2:26-cv-00324-FLA (ASx)

**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

**<u>RULING</u>**

On November 21, 2025, Plaintiff Brittany Stupar ("Plaintiff") initiated this action against Defendant Flawless Naturals, LLC ("Defendant") in the Los Angeles County Superior Court.  Dkt. 1-2 ("Compl.").[1]  Plaintiff brings a putative class action against Defendant, alleging false, deceptive, and unlawful practices in the marketing and sale of Defendant's New York Biology Dead Sea Mud Mask (the "Product").  *Id.*  On January 13, 2026, Defendant removed the action to this court, arguing the court had diversity jurisdiction under 28 U.S.C. § 1332(a).  *See* Dkt. 1 ("NOR").

On January 22, 2026, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction.[2]  Dkt. 10.  Both Plaintiff and Defendant filed responses on February 5, 2026, with Defendant filing a corrected response on February 11, 2026.  Dkts. 11, 13 ("Pl. Resp."), 15-1 ("Def. Resp.").  The court will exercise its discretion and accept Defendant's corrected response.  Dkt. 15 at 2.

Having reviewed the Notice of Removal and the responses to the OSC, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS the action to the Los Angeles County Superior Court.

**<u>BACKGROUND</u>**

Plaintiff's Complaint alleges Defendant's Product is labeled and marketed for treating acne—a recognized skin disease—but that the Product is not a lawful acne treatment, as its ingredients do not meet federal regulatory standards.  Compl. ¶¶ 2–5.  Plaintiff, accordingly, brings claims on behalf of a putative class for violations of

---

[1] Citations to the Complaint refer to pages 11–31 of Dkt. 1-2.  The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

[2] The OSC requested the parties additionally brief whether the court had jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Dkt. 10 at 1–3.

California's (1) Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, (2) Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, and (3) False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.* Compl. ¶¶ 73–92.  Plaintiff seeks restitution, attorney's fees and costs, and pre- and post-judgment interest.  Compl. at 31.

## DISCUSSION

**I.       Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a).  Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending.  28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at

which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

## II.   Analysis

Defendant's Response argues the court has diversity jurisdiction over the action. Def. Resp. at 3–6. To support this claim, Defendant points to Plaintiff's settlement demand, which allegedly exceeds $75,000. *Id.* at 6. In general, settlement claims "are not relevant evidence to establish the amount in controversy because they are not 'reasonable estimates' of the damages [a plaintiff] has suffered." *McIntyre v. US Airways*, Case No. 2:09-cv-05256-MMM (FMOx), 2009 WL 10672577, at *3 (C.D. Cal. Nov. 12, 2009) (citation omitted) (collecting cases).

Plaintiff argues, correctly, that the settlement demand does not reflect "'a reasonable estimate of [her] claim'" and that the Product was purchased for only $16.95. Pl. Resp. at 2 (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Plaintiff does not assert individual claims, and Defendant cites no authority for the proposition that claims brought on behalf of a putative class, that has yet to be certified, may be aggregated to establish the $75,000 amount in controversy. *See Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (plaintiffs may not aggregate separate and distinct claims to satisfy the amount in controversy requirement); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977) (same rule for defendants). Defendant provides no other evidence in support of its

4

contention that the amount in controversy requirement is met.[3]  Accordingly, the court finds Defendant fails to establish diversity jurisdiction.

### CONCLUSION

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 25STCV34117.  The Clerk of the Court shall close the action administratively.

IT IS SO ORDERED.

Dated: February 24, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[3] With respect to CAFA, the court lacks jurisdiction for several reasons.  Defendant does not assert jurisdiction under CAFA in its notice of removal, and a defendant may not subsequently raise new theories of removal post-hoc.  *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (holding a defendant may not raise an alternative basis for removal jurisdiction after 28 U.S.C. § 1446(b)'s thirty-day window for removal has lapsed).  Additionally, Defendant includes $2,279,507.37 in damages arising from injunctive relief.  Def. Resp. at 10–11.  Plaintiff, however, does not seek injunctive relief.  Pl. Resp. at 3; *see also*, Compl.  The remaining amount Defendant contends is in dispute—$4,277,510.31—falls below the $5 million threshold required by CAFA.  28 U.S.C. § 1332(d)(2).